UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANDREW PERRONG, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-10084-IT |
| | * | |
| ALL STAR CHIMNEY SOLUTIONS, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

June 7, 2021

TALWANI, D.J.

Plaintiff Andrew Perrong brought this suit alleging knowing and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, by Defendant All Star Chimney Solutions, Inc. ("All Star"). Compl. [#1]. All Star was served on January 19, 2021. Summons Returned Executed [#4]. All Star did not enter an appearance nor file a response and was accordingly defaulted on February 22, 2021. Not. of Default [#6].

On March 13, 2021, Perrong filed the pending Motion for Default Judgment [#10]. He filed an Affidavit of Service [#11] on May 17, 2021, indicating that the motion and exhibits were successfully served on All Star earlier that day.

I.  **Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of a default judgment. The first step is a clerk's entry of a default under Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55 (a). The second step requires entry of a default

judgment by the clerk if the plaintiff's claim is for a sum certain, or otherwise by the court, on an application for a default judgment. Fed. R. Civ. P. 55(b).

When a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Sec. & Exch. Comm'n v. Tropikgadget FZE, 146 F. Supp. 3d 270, 275 (D. Mass. 2015). So, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. Id. However, the court does not presume that any factual allegations relating to the amount of damages suffered are true. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The court must ensure that the damages awarded are reasonable and demonstrated by the evidence. Fed. R. Civ. P. 55(b)(2)(C).

## II.  Discussion

Subject to limited exceptions not applicable in this case, the TCPA makes it illegal to "make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to "emergency telephone line[s]," to "guest room[s] or patient room[s] of a hospital," or "to any telephone number assigned to a paging service[ ] or cellular telephone service" without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). The statute defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. § 227(a)(1). The TCPA provides for statutory damages of $500 per "violation." Id. § 227(b)(3). In addition, the court may treble the statutory damages if the caller "willfully" or "knowingly" violated the prohibition. Iion

Here, Perrong has alleged and attested to four automated transmissions in violation of 47 U.S.C. § 227(b)(1)(A). Compl. ¶ 42 [#1]; Perrong Decl. ¶ 5 [#10-1]. He is accordingly entitled to $2,000 in damages for these violations.

Subsection (c)(5) of the TCPA creates a private right of action to a "person" who receives more than one telephone call within a twelve-month period by a caller violating the regulations implemented under section (c). 47 U.S.C. § 227(c)(5). The two regulations at issue in this case are 47 C.F.R. 64.1200(c)(2), which prohibits calling a number on the national do-not-call registry, and 47 C.F.R. 64.1200(d), which requires companies making automated calls to keep a written policy, available upon demand, for maintaining a do-not-call list. Like violations under section (b), those under section (c) carry the same $500 penalty, which may be trebled by the court upon a finding that "the defendant willfully or knowingly violated the regulations" implemented under the section. Id. § 227(c)(5)(C).

Perrong has alleged and attested to the fact that his phone numbers were on the national do-not-call registry. Compl. ¶¶ 34, 38 [#1]; Perrong Decl. ¶ 5 [#10-1]. He has further alleged that All Star did not have a written policy, available on demand, pertaining to do-not-call requests. Compl. ¶¶ 53, 88 [#1]. Perrong claims that he is entitled to $500 per regulatory violation for each of the four calls, for a statutory award of $4,000 under section (c). Perrong Decl. ¶ 5 [#10-1].

While the court agrees that each call of a number on the national do-not-call registry constitutes a separate violation of 47 C.F.R. 64.1200(c)(2), the court does not agree that the failure to maintain a written policy, available on demand, pertaining to do-no-call requests would constitute a separate violation based on each call. Where Perrong alleges that he sent All Star an email requesting a copy of the policy and received no reply, the court concludes that he has alleged one violation of 47 C.F.R. 64.1200(c)(2). Accordingly, Perrong is entitled to $2,500 for

five violations by All Star of section (c)—four for calling numbers on the national do-not-call registry and one for failing to make the policy available on demand.

Perrong's Motion for Default Judgment [#10] requests that the court treble all these statutory damages on the ground that All Star's violations were knowing and/or willful. Mot. for Default J. 2, 11-12 [#10]. The court declines to do so. Given the posture of the case, the thin record, and the absence of any request for a further hearing "to determine the truth of [the] allegation[s of intent] by evidence," see Fed. R. Civ. P. 55(b)(2)(C), the court cannot make a finding that All Star engaged in a willful or knowing violation of the law, as required by 47 U.S.C. §§ 227 (b)(3) and (c)(5).

Accordingly, the court orders judgment in favor of Perrong and against All Star in the total amount of $4,500, based on four calls in violation of 47 U.S.C. § 227(b)(3) and (c)(5) and one violation of 47 U.S.C. § 227(c)(5) for All Star's failure to make a written policy pertaining to do-not-call requests available to Perrong on demand.

IT IS SO ORDERED.

June 7, 2021                                       /s/ Indira Talwani
                                                   United States District Judge